ÁNGEL M. CANCEL ACEVEDO, demandante y recurrente, v. MUNICIPIO DE SAN JUAN y STADIUM AND COLISEUM OPERATORS, INC., demandados y recurridos.

Número: R-72-89          Resuelto: 25 de abril de 1973

*Teodoro R. Tapia Gómez* y *Julio Rafael Vázquez Deynes*, abogados del recurrente; *Roberto E. Schneider, Jr.* y *Andrés R. Nevárez González*, abogados del Municipio de San Juan; *Paniagua-Diez & Figueroa*, abogados de Stadium and Coliseum Operators, Inc.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La Junta de Subastas del Municipio de San Juan sacó a subasta la concesión, por cinco años con opción de prórroga por cinco años más, para operar cantinas y vender determinados productos en el Estadio Municipal Hiram Bithorn y en el Coliseo Municipal. La "Invitación a Subasta" dispone en su apartado 12 (pág. 4) :

"12. El licitador se compromete a satisfacer y prestar todas las garantías y fianzas que le son requeridas en el proyecto de contrato que se hace formar parte de esta licitación, a satisfacción del Municipio, antes de formalizar el contrato."

Y el "Proyecto de Contrato de Concesión" que formaba parte de la invitación a subasta dispone en su párrafo noveno:

"NOVENO: El Concesionario, con anterioridad a este contrato, ha obtenido y le ha suministrado al Municipio y se obliga a mantener en vigor, durante todo el término de este contrato, los siguientes seguros:
(ii) Fianza que garantize [*sic*] en todo momento el pago completo de un 40% del ingreso total al Municipio por los cinco años del contrato, según provistas en la cláusula cuarta. Esta fianza no será menor de $400,000."

Celebrada la subasta, el Secretario del Municipio recurrido con fecha 17 de agosto de 1971 escribió al recurrente Ángel M. Cancel informándole que se le había adjudicado la buena pro sujeta a las siguientes condiciones:

"1. Deberá someter no más tarde del 25 de agosto de 1971, una fianza continua, no menor del 40% de la licitación total del término de 5 años ($1,189,500)."

advirtiéndole al licitador favorecido que "De no poder llenar los requisitos solicitados por la Junta de Subastas, el Municipio de San Juan se reserva el derecho de dejar sin efecto esta adjudicación y adjudicarla a cualquier otro licitador que reuna los requisitos."

El recurrente, pasada la fecha límite del 25 de agosto de 1971, radicó ante la Junta de Subastas una fianza por $475,800.00 expedida por la corporación "National Insurance Company" en la cual se incluyó la siguiente cláusula:

"DISPONIENDOSE, que la fiadora podrá también terminar su responsabilidad bajo la presente, en cualquier tiempo, previo aviso escrito al acreedor (Municipio) con treinta (30) días de antelación notificando la terminación de la fianza cursado por el correo de los Estados Unidos."

El 31 de agosto de 1971 el Lic. William H. Preston, Jr., Director de la División Legal del Municipio de San Juan, cursó comunicación escrita al recurrente Ángel M. Cancel notificándole la decisión de esa fecha de la Junta de Subastas anulando la adjudicación que a su favor había hecho aduciendo como razones que la fianza se había sometido tardíamente, pasado el 25 de agosto; y que la misma no era suficiente ni aceptable toda vez que el texto concedía libre opción a la compañía fiadora para cancelar unilateralmente la fianza con sólo dar al Municipio un aviso de cancelación a 30 días plazo.

Procedió entonces el Municipio a adjudicar la subasta de las cantinas Hiram Bithorn y del Coliseo al segundo mejor postor que lo fue "Stadium and Coliseum Operators, Inc." (1) y el recurrente Cancel instó acción interdictal contra el Municipio y la subsiguiente adjudicataria para que se le prohiba

---

(1) La demora en la adjudicación representaba una considerable pérdida de rentas diarias para el Municipio que desde el 30 de julio de 1971 había aprobado una Ordenanza facultando al Sr. Alcalde a administrar las concesiones de cantina en el Bithorn y en el Coliseo, de cuya exposición de motivos tomamos lo siguiente:

"POR CUANTO, se celebró la subasta para adjudicar la concesión de las

otorgar contrato y que en su lugar se obligue al Municipio a aceptar a Cancel como concesionario. La Sala de San Juan del Tribunal Superior por su Juez Hon. José N. Rivera Barreras desestimó la solicitud de *injunction* y el peticionario ha recurrido en revisión.

■ Generalmente la adjudicación de la buena pro a un licitador por la Junta de Subastas ata al Municipio en una relación contractual con el adjudicatario que no puede ser resuelta unilateral o arbitrariamente. Los hechos de este caso, sin embargo, lo excluyen de esa regla general.

Cuando convocó a subasta el Municipio separó el proceso de adjudicación en dos etapas claramente definidas:

La preliminar consistente en la adjudicación de la buena pro al licitador favorecido; y la final que conduce al otorgamiento del contrato que tiene como una de sus exigencias rigurosas la protección del interés público mediante la prestación por el concesionario de una fianza que garantice *en todo momento* el pago de los réditos que el Municipio habría de devengar por la concesión de cantinas y ventas de ciertos artículos de consumo en el Estadio Hiram Bithorn y en el Coliseo Municipal. Véase 64 Am.Jur.2d 937 Sec. 79. Así debió entenderlo el recurrente toda vez que al "Pliego de Invitación a Subasta" se le incorporó como parte inseparable un "Proyecto de Contrato de Concesión" cuyo párrafo noveno (ii), *supra*, destaca con relieve de condición esencialísima la constitución de la referida fianza. Quedaron así la adjudicación de la buena pro y las obligaciones de las partes dimanantes de la misma supeditadas al cumplimiento por el con-

---

cantinas del Estadio Municipal Hiram Bithorn;

"POR CUANTO, se declaró desierta dicha subasta por no haber los licitadores llenado algunos de los requisitos que imponían los pliegos de subasta;

"POR CUANTO, en la presente situación se hace imperativo declarar un estado de emergencia con el fin de poder continuar con la operación de las cantinas del Estadio Municipal Hiram Bithorn para poder continuar brindando los servicios a los usuarios de dicho Estadio Municipal;"

cesionario del requisito de fianza por la cantidad indicada en el proyecto de contrato y por el plazo completo de los cinco años.

No se perfeccionó contrato alguno entre el recurrente y el Municipio porque la fianza que ofreció el primero con una redacción acomodaticia dirigida a proteger los intereses de la compañía aseguradora, en vez de los dineros del pueblo, ([2]) fue puesta en cuarentena y desnaturalizada en su propósito con la cláusula que concede a la fiadora opción para desembarazarse de toda obligación a su libre albedrío y en *cualquier momento* con simplemente notificar al Municipio de ésa su voluntad con 30 días de antelación.

■ No estimamos de necesidad entrar en el aspecto de resolución de contrato en que fundó su opinión el juez sentenciador, porque aquí la relación entre adjudicatario y el Municipio nunca alcanzó la dignidad ni obligatoriedad de un pacto bilateral. No hubo contrato, y por tanto nada había que resolver.

■ El recurrente arguye que el señalado defecto de la fianza no es sustancial y por tanto no enerva la validez del vínculo contractual. Discrepamos. Las distintas disposiciones estatutarias regulando la realización de obras y contratación de servicios para el Estado y sus agencias e instrumentalidades tienen por meta la protección de los intereses y dineros del pueblo contra el dispendio, la prevaricación, el favoritismo y los riesgos del incumplimiento. La fianza es el broche final de seguridad que preserva la cadena de pasos previos en una honesta y eficiente administración del negocio público razón por la cual la fianza debe resistir el rigor de una evaluación severa. "Una agencia tiene el derecho de revocar la adjudica-

---

([2]) A diferencia de la que prestara el segundo adjudicatario, la fianza sometida por Cancel convierte al Municipio en un vigilante de los mejores intereses de la fiadora al reservarse ésta el derecho a negar responsabilidad, si impagadas por el peticionario dos mensualidades de rentas consecutivas dejare el Municipio de notificar a la fiadora de ese incumplimiento por escrito y en el término de 10 días.

ción de la subasta antes de que formalice el contrato correspondiente ya que la adjudicación no obliga a la agencia hasta que se formalice por escrito el contrato de ejecución de obra conteniendo todos los requisitos legales." *Justiniano* v. *E.L.A.*, 100 D.P.R. 334 (1971). Al mismo efecto, 3 A.L.R.3d 873 sec. 3.

■ Aun cuando inadvertidamente el Municipio de San Juan hubiese llegado a la etapa final de otorgamiento de contrato escrito estaría en tiempo para repudiarlo; el mismo sería un nati-muerto pues el error de aceptar una fianza ineficaz equivale a dispensar el requisito de fianza, vicio fatal del consentimiento reconocido en el Art. 1218 del Código Civil (31 L.P.R.A. sec. 3405) cuando el error gravita sobre una condición que principalmente movió a las partes hacia la celebración del contrato.

La fianza ofrecida por el recurrente dejaba enteramente en manos de la compañía fiadora la duración o término de la garantía. Su cláusula de terminación *ad libitum* con 30 días de aviso entraña el potencial de revocación por la fiadora sin consentimiento de los contratantes, de una condición básica como lo es el seguro continuo por todo el plazo de cinco años de la concesión, y de la abdicación por la Junta de Subastas y del Sr. Alcalde de San Juan de su deber de cuidar y proteger los intereses del pueblo. *Por haberlo así entendido el ilustrado juez de instancia su sentencia debe ser confirmada.*

El Juez Asociado, Señor Martínez Muñoz, no intervino.