# 2001 DTA 167

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN, PANEL I**

WATER EQUIPMENT & SERVICES CORP.
Recurrente

v.

JUNTA DE SUBASTAS DE LA AUTORIDAD PARA EL FINANCIAMIENTO
DE LA INFRAESTRUCTURA DE PUERTO RICO
Recurrido

Núm. KLRA-01-00152

San Juan, Puerto Rico, a 17 de mayo de 2000

Panel integrado por su Presidenta, la Juez Fiol Matta,
la Juez Rodríguez de Oronoz y el Juez González Rivera

## TEXTO COMPLETO DE LA RESOLUCION

La Autoridad para el Financiamiento de la Infraestructura de Puerto Rico (AFI) extendió una invitación a los interesados en licitar para realizar el proyecto AFI Project 500- Optimación de la Planta de Filtración de la Zona Urbana de San Lorenzo. A la subasta, compareció la recurrente Water Equipment & Service Corp. (WESCORP) para presentar su propuesta. Las propuestas sometidas por las diferentes compañías son las siguientes:

"1. *Design Build, S.E. $4,844,900.00*

2. *Water Equipment & Service Corp. $5,269,900.00*

3. *K.D. Contractors S.E. $5,450,000.00*

4. *San Lorenzo Construction Corp. $5,679,748.69*

5. *Constructora Hato Rey S.E. $5,756,820.00*

6. *Carrero Engineering S.E. $6,934,000.00"*

El licitador más bajo, Design Build S.E., no cumplió con los requisitos mínimos por no haber documentado la experiencia requerida de construcción de al menos dos (2) proyectos de más de un millón de galones de agua diario durante los pasados diez (10) años, de por lo menos 1.0 mgd y cuyo costo de construcción sea de por lo menos $500,000.00 Además, uno de los socios de dicha compañía tenía conflicto de interés.

El segundo licitador más bajo lo fue la recurrente WESCORP, la cual fue también descualificada por no cumplir con los requisitos mínimos. Según la AFI, la experiencia de esta compañía es como subcontratista y no como contratista. Además, tiene una sola experiencia en la construcción de plantas de tratamiento, la cual aún no ha completado.

AFI adjudicó, el 5 de diciembre de 2000, la subasta a K.D. Contractors para ejecutarse el contrato no más tarde del 20 de diciembre de 2000. AFI se reservó el derecho de adjudicar el contrato a otro licitador en caso de no ejercitarse el mismo y entregarse todos los documentos requeridos en el tiempo dispuesto. La recurrente WESCORP presentó ante la Junta de Subasta de AFI una solicitud de reconsideración la cual fue acogida y posteriormente, el 28 de febrero de 2001, declarada no ha lugar.

Nuevamente inconforme, WESCORP presentó el 12 de marzo de 2001, el recurso que nos ocupa. Invoca como fundamento de revocación la comisión de dos errores: al ser rechazada su propuesta por alegadamente haber adquirido su experiencia como subcontratista y al determinarse que, aunque está construyendo una segunda planta de tratamiento, aún no la ha terminado.

Examinada la petición de revisión presentada, los documentos anejados al mismo, así como los argumentos expuesto en los escritos en oposición, concluimos que debemos declinar la expedición del auto solicitado.

## I

Conforme a nuestro ordenamiento jurídico, los estatutos de subastas tiene como finalidad promover competencia en las proposiciones, de manera que el Estado consiga que se realice la obra o se presten los servicios al precio más bajo posible. *Continental Construction v. Municipio*, 115 D.P.R. 559 (1984). Así, se pretende evitar el favoritismo, la corrupción, el descuido y la extravagancia al otorgarse los contratos, a la vez que se minimizan los riesgos de incumplimiento por parte del postor agraciado. *Mar Mol Company v. Administración de Servicios Generales*, 126 D.P.R. 864 (1990); *Cancel v. Municipio de San Juan*, 101 D.P.R. 296 (1973); *Justiniano v. E.L.A.*, 100 D.P.R. 334 (1971).

Se reconoce así que ningún postor tiene un derecho adquirido en ninguna subasta, y que en ausencia de fraude, mala fe, o abuso de discreción, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la más ventajosa *Great American Indemnity Company v. Gobierno de la Capital,* 59 D.P.R. 911 (1942). La decisión respecto a qué persona natural o jurídica debe resultar agraciada en el proceso de adjudicación de la subasta, debe resolverse a la luz del interés público. Ningún postor puede hacer reclamos de derechos adquiridos en ninguna subasta. *Great American Indemnity Company v. Gobierno de la Capital, supra.* Le corresponde a la parte impugnante, en etapa de revisión, el peso de establecer que no existe base racional que sostenga la decisión administrativa que es objeto de impugnación.

Ahora bien, por la naturaleza del proceso y la finalidad perseguida con la utilización del mecanismo de subasta, es importante que los licitadores, como cuestión de política pública, liciten bajo igualdad de condiciones. Por ello, para un licitador ser elegible para ser beneficiado con una adjudicación, la propuesta tiene que ser presentada por un licitador responsable cuya oferta sea la más responsiva. Por licitación responsiva debe entenderse aquélla que contiene una oferta definida no condicionada, que cumpla con los términos de las instrucciones para licitar sometida por la agencia. Es decir, es responsivo aquel licitador que ha sometido una propuesta que está conforme con todos los aspectos importantes y con los términos de invitación a subasta. Debemos tener también presente que la responsividad del licitador se determina a la fecha de la apertura de los pliegos; luego de la apertura, nada puede hacer un licitador no responsivo para tornar responsiva su oferta. Véase D.P. Arnavas, W.J., Rubbery, Judge, *Government Contract Text*, 1ra. Ed., 1985, págs. 3-23. Además, *Model Procurrement Code for State and Local Governments*, American Bar Association, Section of Public Contract Law, 1979, Art. 3-101 (7).

## II

A la luz de lo expuesto, examinemos la controversia que suscita el recurso ante nos. Aclaramos, de entrada, que no existe controversia en cuanto a que la propuesta de WESCORP, luego de haberse descualificado a Design Build S.E., fue la más baja. El cuestionamiento principal de WESCORP va dirigido a establecer que la Junta de Subastas no tenía base razonable para dejar sin efecto su propuesta.

El Reglamento de Compras y Subastas de la AFI, número 5853 de 9 de septiembre de 1998, establece en su Artículo 4.4 lo siguiente:

*"4.4. Adjudicación al Licitador más Bajo. Salvo: (a) los procedimientos de selección realizados de conformidad con el Artículo 6 ó el Artículo 7, y (b) las compras descritas en la Sección 4.2 precedente, los contratos otorgados por la Autoridad para realizar cualquier obra pública como instalaciones de infraestructura o para la compra de propiedad mueble o servicios no personales, así como el arrendamiento de cualquier propiedad, se adjudicarán al licitador más bajo que satisfaga los requisitos y las condiciones establecidos en los Documentos de Subasta y en este reglamento."*

En las instrucciones a los licitadores, relativo a esta controversia, se estableció en la Sección 15.2 lo siguiente:

*"15.2 AFI reserves the right to reject any or all Bids, including without limitation the right to reject any or all nonconforming, nonresponsive, unbalanced or conditional Bids, and to reject the Bid of any Bidder if AFI believes that it would not be in the best interest of the Program to make an award to that Bidder, whether because the Bid is not responsive or the Bidder is unqualified, or of doubtful financial ability, or fails to meet any other pertinent standard or criteria established by AFI."*

A renglón seguido, la Sección 15.3 establece lo siguiente:

*"15.3 If the Contract is awarded, it will be awarded to the Technically Qualified Bidder with the lowest Bid Price. A "Technically Qualified Bidder" means a responsible and responsive Bidder, whose Bid meets the requirement of these Instructions to Bidders, and whose evaluation by AFI indicates to AFI that the award will be in the best interests of the Program. In evaluating Bids to determine the Technically Qualified Bidders, AFI will consider (i) the qualifications, record of performance and integrity of the Bidders, as set forth in the Statements, of Bidder (attached hereto as Exhibit B), (ii) compliance with the minimum requirements, as set forth in Exhibit B, and (iii) whether the Bids comply with the prescribed requirements of these Instructions to Bidders. If the Bidder submitting the apparent lowest Bid Price is determined not to be a Technically Qualified Bidder, such Bid shall be rejected and the Contract shall be awarded to the Technically Qualified Bidder with the lowest Bid Price."*

Las referidas secciones claramente le reconoce a AFI la facultad para rechazar una propuesta por factores tales como: experiencia del postor, el tiempo de entrega o de ejecución que se ofrezca y si la propuesta no está en el mejor interés del programa, ya sea por no ser responsiva, no estar cualificada, ser de dudosa habilidad financiara o incumplir con otros requisitos.

A evaluar las ejecutorias de WESCORP, las cuales permitirían a AFI determinar la experiencia exitosa de esa empresa en este tipo de construcción, ello a la luz de lo expuesto en su propuesta, tenemos que presentó una sola experiencia de construcción realizada bajo su propio nombre corporativo. Dicho trabajo fue realizado para la rehabilitación de la Planta de Tratamiento de Aguas Servidas de Dorado a un costo de $700,000.00. La fecha de terminación del mismo era el 1 de enero de 2001. El contrato de la obra fue extendido hasta febrero de 2001, con órdenes de cambio que ascienden a $402,061.61. Los demás trabajos informados fueron realizados por las compañías J.R. Ramos Construction y Prota Construction. Ello evidencia claramente que no tiene la experiencia exitosa requerida con este tipo de construcción.

Alega WESCORP que el formulario distribuido y utilizado por AFI para preparar las propuestas, le indujo a creer que la experiencia requerida podía adquirirse bajo otros nombres corporativos.

Ante lo planteado, AFI entendió que la experiencia requerida en esta subasta está dirigida al licitador y no la experiencia que su personal haya podido adquirir con otras corporaciones. Que la experiencia como subcontratista no se equipara con la responsabilidad primaria del contratista del proyecto. Esta puede ser considerada para establecer la experiencia de construcción que pueda tener, más ello de por sí no lo cualifica para establecer la experiencia necesaria en términos de seguro, fianzas y otra experiencia según reclamada con la figura del contratista principal de la obra.

Ante la realidad de que WESCORP nada hizo para clarificar cualquier duda que hubiese tenido, de conformidad con la instrucción número 6 a los licitadores, ■ resulta inmeritorio el señalamiento de que fue inducido a creer que la experiencia requerida podía ser como subcontratista. Ello, como fundamento para cuestionar la facultad de la Junta de Subasta para adjudicar la buena pro a K.D. Contractors.

En el caso que nos ocupa, ninguna razón meritoria aduce WESCORP que justifique nuestra intervención para sustituir el criterio, discreción y juicio propio de la Junta por el nuestro. Tampoco ha rebatido la presunción de regularidad y corrección que acompaña y cobija la adjudicación que es objeto de impugnación. Ninguna razón meritoria existe para intervenir con el ejercicio de discreción en la adjudicación de esta subasta.

Visto que WESCORP no fue responsiva en su oferta al incumplir con los requisitos de las misma, resulta procedente declaran no ha lugar la moción en auxilio de jurisdicción y denegar la expedición del auto solicitado. Todo ello, en ausencia de proceder caprichoso, arbitrario, fraudulento o que constituya un erró manifiesto por parte de la Junta. *Silva v. Adm. de los Sistemas de Retiro*, 128 D.P.R. 256 (1991); *M & V Orthodontics v. Ngdo. Seguridad de Empleo,* 115 D.P.R. 182 (1984).

Por los fundamentos expuestos, se deniega la expedición del auto de revisión solicitado.

Así lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

### ESCOLIO 2001 DTA 167

**1.** "*All questions about the meaning or intent of the Bidding Documents are to be directed to AFI, as specified in paragraph 22 below. Interpretations or clarifications considered necessary but the AFI in response to such question will be issue by written addenda mailed or delivered to all parties recorded by AFI as having received the Bidding Documents. Questions received less than five (5) days prior to the date for the opening of Bids may not be answered. Only questions answered by formal written addenda will be binding. Oral and other interpretations of clarifications with be without legal effect.*"