SENTENCIA
I
Los recursos consolidados de epígrafe están relacionados a una subasta celebrada el 15 de agosto de 2000 por la parte recurrida, Municipio de Guánica, para la adjudicación de un proyecto de construcción de los techos de cuatro canchas de baloncesto municipales ubicadas en los barrios La Joya de Santa Rita, La Joya de Ensenada Bélgica y La Luna de dicho Municipio.
Las partes recurrentes comparecieron a dicha subasta, pero fueron descalificadas, a pesar de ser postores más bajos que la compañía Rifco Manufacturing, Inc. ("Rifco,r), que resultó ser el licitador elegido por el Municipio.
La parte recurrente en el caso KLRA-00-00724, Rivera Hernández & Associates, Inc. ("Rivera Hernández"), fue descalificada por no haber sometido copia de su patente municipal, según le requería hacerlo *925 el pliego de subasta.
La recurrente en el caso KLRA-00-00727, Codesi Contractors, Inc. ("Codesi"), fixe quien se percató de que los documentos de Rivera Hernández estaban incompletos y solicitó su descalificación. Dicha parte, sin embargo, también fixe descalificada, por haber realizado su Presidente gestiones informales con los miembros de la Junta de Subastas del Municipio con el propósito de averiguar el status de su solicitud de descalificación contra Rivera Hernández.
Mediante resolución emitida el 11 de octubre de 2000, en respuesta a una moción en auxilio de jurisdicción presentada por Codesi en el caso KLRA-00-00727, paralizamos los procedimientos y concedimos término al Municipio para que compareciera a mostrar causa por la cual no debíamos expedir el auto solicitado en dicho recurso. Posteriormente, el 26 de octubre de 2000, emitimos una resolución similar en el caso KLRA-00-00724 y ordenamos la consolidación de ambos recursos.
El Municipio ha comparecido por escrito. Expedimos el auto, confirmamos la descalificación de Rivera Hernández, revocamos la de Codesi y devolvemos el asunto al Muixicipio para que proceda a adjudicarse nuevamente la subasta.
II
Según se desprende del recurso, el 13 de julio de 2000, el Municipio de Guánica publicó un aviso de subasta pública para la constmcción de cuatro (4) proyectos para techar las canchas de baloncesto de los barrios La Luna, Bélgica, La Joya de Santa Rita y Joya de Ensenada.
Los pliegos de subasta emitidos por el Municipio detallaban las condiciones obligatorias para la consideración de la propuesta. Se alertaba a los licitadores que "el incumplimiento de cualquiera de ellas tendrá el efecto de descualificar al proponente y el rechazo de su oferta."
Entre otros documentos requeridos, se exigía la presentación de la patente municipal.
La subasta fue celebrada el 15 de agosto de 2000. Rivera Hernández, Codesi y otros cuatro (4) licitadores, incluyendo a Rifco, presentaron ofertas en respuesta al aviso de subasta. La licitación más baja ($225,980.00) fixe la de Rivera Hernández, seguida por la de Codesi ($287,688.00). La oferta más alta fue la de Rifco ($338,100.00).
Durante la apertura de las propuestas, los licitadores tuvieron la oportunidad de exatninar los documentos sometidos por sus competidores. En este momento, los funcionarios del Municipio advirtieron a los licitadores que no debía de haber comunicación entre ellos y los miembros de la Junta mientras se consideraba la adjudicación de la subasta, so pena de descalificación.
Aparentemente, la oferta sometida por Rivera Hernández no acompañó la patente municipal, según exigido por el aviso. Esta deficiencia fue detectada por el Ing. José Amy, Presidente de Codesi, durante la apertura y examen de las licitaciones. El 17 de agosto 2000, el Ing. Amy presentó ante el Municipio una solicitud de descalificación contra Rivera Hernández.
La solicitud de descalificación contra Rivera Hernández presentada por Codesi no fue adjudicada inmediatamente. Posteriormente, el Ing. Amy hizo varias llamadas al Municipio para averiguar el status de su impugnación. El Ing. Amy llamó al Presidente de la Junta de Subastas para estos fines, quien le expresó que debía esperar la decisión escrita del Municipio y que no podía hablar con él, recordándole las instrucciones recibidas durante la apertura de las propuestas. El Ing. Amy respondió que estaba bien.
El 19 de septiembre de 2000, el Municipio notificó a los recurrentes que la subasta había sido adjudicada a *926 Rifco. Rivera Hernández fue notificada de que se le había descalificado por no haber presentado evidencia de su patente municipal. Codesi fue similarmente notificada de que se le había descalificado por haber tenido contacto con la Junta.
Insatisfechas, las recurrentes acudieron ante este Tribunal.
ni
En sus recursos, ambas recurrentes plantean que el Municipio erro al descalificarlas y al no otorgarles la subasta, a pesar de haber sometido una licitación más baja que la de Rifco, la entidad finalmente seleccionada para la contratación de las obras. Rivera Hernández se queja, además, de que la notificación de la decisión del municipio fue defectuosa.
Según se conoce, el propósito de requerir subastas para la realización de obras y la contratación por el gobierno, es proteger los intereses y dineros del pueblo al promover la competencia para lograr los precios más bajos posibles; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos y minimizar los riesgos de incumplimiento. Mar-Mol Co., Inc. v. Adm. Servicios Gens., 126 D.P.R. 864, 871 (1990); Cancel v. Municipio de San Juan, 101 D.P.R. 296, 300 (1973); Justiniano v. E.L.A., 100 D.P.R. 334, 338 (1971).
En el caso de las subastas llevadas a cabo por el gobierno central y sus agencias, la Ley de Procedimiento Administrativo Uniforme establece que este tipo de procesos sean informales, 3 L.P.R.A. see. 2169, aunque se provee un detallado procedimiento para solicitar reconsideración y revisión de las mismas. Estos trámites posteriores son formales. 3 L.P.R.A. sees. 2169 y 2172 (Supl. 2000); L.P.C. & D., Inc. v. Autoridad de Carreteras y Transportación, _ 149 D.P.R. _ (2000), 2000 J.T.S. 9, a pág. 476; Cotto Guadalupe v. Departamento de Educación, 138 D.P.R. 658, 661-664. En consecuencia, los mismos conllevan requisitos rigurosos de notificación y exposición de los fundamentos de la actuación administrativa, de manera que las partes puedan ejercitar su derecho a la revisión judicial. Véanse, L.P.C. & D., Inc. v. Autoridad de Carreteras y Transportación, 2000 J.T.S. 9, a la pág. 476; RBR Construction, S.E. v. Autoridad de Carreteras y Transportación, 149 D.P.R. _ (2000), 2000 J.T.S. 7, a la pág. 467; Constructora I. Meléndez, S.E. v. Junta de Subastas, 146 D.P.R. _ (1998), 98 J.T.S. 134, a la pág. 157; compárese, Municipio de San Juan v. Junta de Calidad Ambiental, 149 D.P.R. (1999), 99 J.T.S. 152, a las págs. 127-8.
Según el Tribunal Supremo de Puerto Rico, la resolución que emita la agencia en estos casos debe contener, cuando menos, la siguiente información: los nombres de los licitadores en la subasta y una síntesis de sus propuestas, los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar reconsideración o revisión. L.P.C. & D., Inc. v. Autoridad de Carreteras y Transportación, 2000 J.T.S. 9, a la pág. 477.
Estos requisitos han sido substancialmente incorporados por el Tribunal Supremo de Puerto Rico a la revisión de subastas celebradas por los municipios bajo el art. 15.002 de la Ley de Municipios Autónomos, 21 L.P.R.A. see. 4702 (Supl. 1999). IM Winner, Inc. v. Junta de Subastas de Guayanilla, 151 D.P.R. _ (2000), 2000 J.T.S. 86, a la pág. 1,134.
En el caso de autos, hemos examinado las cartas enviadas por el Municipio a las recurrentes. Aunque las mismas adolecen de ciertos defectos, según lo admite la propia parte recurrida, los mismos no han impedido a las recurrentes ejercitar su derecho a solicitar la oportuna revisión de su descalificación. En cada caso, la misiva expresaba de forma adecuada los motivos de la actuación del Municipio.
En el caso de Rivera Hernández, según hemos visto, dicha entidad fue descalificada por su omisión de acompañar copia de sus patentes municipales junto con sus propuestas. Dicho documento formaba parte del *927 listado de requisitos esenciales notificado por el Municipio, el cual había advertido que su incumplimiento daría lugar a la descalificación.
La recurrente plantea que sometió copia de su patente junto con su propuesta. Lo cierto es que dicho documento no figuraba entre los documentos disponibles que fueron examinados por las partes. La omisión, según indicado, fue inicialmente detectada por Codesi y luego confirmada por el Municipio. En estas circunstancias, no detectamos base para intervenir con la determinación de la parte recurrida de descalificar a Rivera Hernández.
Según señalado, la revisión de subastas de los municipios se rige por principios similares (aunque no idénticos) a los de los procedimientos similares celebrados ante las agencias. La facultad de revisión de los tribunales en estos últimos casos, según se conoce, es limitada.
Según ha establecido el Tribunal Supremo de Puerto Rico, las decisiones de los organismos administrativos gozan de deferencia por los tribunales y se presumen correctas. La revisión judicial de las mismas se circunscribe a determinar si la agencia en el caso particular actuó arbitraria, ilegalmente, o de manera tan irrazonable que su actuación constituyó un abuso de discreción. Municipio de San Juan v. Junta de Calidad Ambiental, 149 D.P.R. _ (1999), 99 J.T.S. 152, a la pág. 125; Franco Dominicci v. Departamento de Educación, 148 D.P.R. — (1999), 99 J.T.S. 108, a la pág, 1,250; Misión Industrial de Puerto Rico v. Junta de Planificación de Puerto Rico, 146 D.P.R. _ (1998), 98 J.T.S. 79, a la pág. 1,161; Reyes Salcedo v. Policía de Puerto Rico, 143 D.P.R. _ (1997), 97 J.T.S. 58, a la pág. 959; Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1987); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
Si la interpretación de una agencia de su reglamento o de la ley que viene llamada a poner en vigor resulta razonable, el tribunal debe abstenerse de intervenir con la misma. Costa Wood v. Caguas Expressway Motors, Inc., 149 D.P.R. _ (2000), 2000 J.T.S. 11, a la pág. 489; Misión Industrial de Puerto Rico v. Junta de Planificación de Puerto Rico, 98 J.T.S. 79, a las págs. 1,160-61; Comisionado de Seguros de Puerto Rico v. Antilles Insurance Company, 145 D.P.R. _ (1998), 98 J.T.S. 38, a la pág. 764; Rivera Rentas v. A & C Development Corp., 144 D.P.R. _ (1997), 97 J.T.S. 143, a la pág. 344.
En cuanto a las determinaciones de hechos formuladas por una agencia, la norma reiterada es que los tribunales deben abstenerse de intervenir con las mismas cuando están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad. Asociación de Vecinos del Hospital San Jorge v. United Medical Corporation, 150 D.P.R. _ (2000), 2000 J.T.S. 21, a las págs. 560-61; Domínguez Talavera v. Caguas Expressway Motors, 148 D.P.R. _ (1999), 99 J.T.S. 85, a las págs. 1,067-68; T-JAC, Inc. (Wal-mart Caguas) v. Caguas Centrum Limited Partnership, 148 D.P.R. _ (1999), 99 J.T.S. 60, a la pág. 884; Associated Insurance Agencies, Inc. v. Comisionado de Seguros de P.R., 144 D.P.R. _ (1997), 97 J.T.S. 142 a la pág 332.
La intervención del Tribunal en este tipo de caso, de este modo, está limitada a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos. Si existe más de una interpretación razonable de los hechos, los tribunales sostendrán la decisión de la agencia y no sustituirán su criterio por el de ésta. Asociación de Vecinos del Hospital San Jorge v. United Medical Corporation, 2000 J.T.S. 21, a la pág. 561; Associated Insurance Agencies, Inc. v. Comisionado de Seguros de P.R., 97 J.T.S. 142, a las págs. 332-333; Hilton Hotels International v. Junta de Salario Mínimo, 14 D.P.R. 670, 687(1953).
En la situación de autos, consideramos que la decisión del Municipio de ordenar la descalificación de Rivera Hernández por no someter sus patentes municipales, es una razonable. La determinación del Municipio de que el incumplimiento con este requisito debía conllevar la descalificación, es una que merece deferencia por este Tribunal.
*928 El Municipio también ordenó la descalificación de Codesi, porque entendió que el Presidente de dicha parte había realizado gestiones ilegítimas para influenciar la decisión de la Junta de Subastas. Del récord se desprende, sin embargo, que la gestión ilegítima aludida consistió en una llamada telefónica realizada por dicha parte al Presidente de la Junta de Subastas para inquirir sobre el status de solicitud de descalificación contra Rivera Hernandez. No surge que antes de la referida llamada, el Municipio hubiera notificado a Codesi sobre su disposición de la solicitud de descalificación. La referida comunicación fue breve y fue terminada inmediatamente por el Presidente de la Junta de Subastas, quien le indicó al Sr. Amy que no podía atenderlo y que no debían hablar. No existe controversia en cuanto al hecho de que el Sr. Amy no discutió, ni intentó discutir su propia propuesta en dicha ocasión. Tampoco insistió en continuar la comunicación.
Del recuento anterior no existe base para concluir que la llamada de Codesi hubiera afectado la determinación de la Junta de Subastas o que dicha parte hubiera intentado deliberadamente influir de manera impropia para que se le adjudicara la subasta. Cf., López Santos v. Asociación de Taxis de Cayey, 142 D.P.R._ (1996), 96 J.T.S. 161; Henríguez v. Consejo de Educación Superior, 120 D.P.R. 194.
A diferencia de la propuesta de Rivera Hernández, no se ha señalado ninguna deficiencia en la propuesta de Codesi, la cual parece haber cumplido con todos los requisitos de la subasta. Dicha propuesta es substancialmente más baja (por aproximadamente $50,000.00) que de Rifco. En estas circunstancias, consideramos que la parte recurrida erró al ordenar la descalificación de Codesi.
Por los fundamentos expresados, se expide el auto en el recurso KLRA-00-00727 y se revoca la descalificación de Codesi. Se devolverá el asunto ante el Municipio para que proceda a adjudicar nuevamente la subasta tomando en consideración la propuesta de Codesi.
Se expide el auto y se confirma la descalificación de Rivera Hernández en el recurso KLRA-00-00724.
Lo pronunció y manda el Tribunal y lo certifica la señora Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General