Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GRUPO ATABAYA, LLC<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE UTUADO<br><br>Recurrida<br><br><br>ABEXUS ANALYTICS<br>Licitador Agraciado | KLRA202400028 | Revisión Judicial procedente de la Junta de Subastas del Municipio de Utuado<br><br>Propuesta Núm.: 2022-RFP-003<br><br>Sobre:<br>Impugnación de Adjudicación de Solicitud de Propuestas |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece Grupo Atabaya LLC (Atabaya o recurrente) vía revisión administrativa para solicitar la revocación del segundo aviso de adjudicación de la Junta de Subastas del Municipio de Utuado (Junta de Subastas), emitida el 9 de enero de 2024. Mediante dicho aviso, la Junta de Subastas adjudicó la *buena pro* al segundo licitador agraciado, Abexus Analytics (Abexus o segundo licitador). Por los fundamentos que expresamos a continuación, desestimamos el recurso presentado por falta de jurisdicción.

En síntesis, el caso de epígrafe atiende de la adjudicación inicial de la *buena pro* al recurrente de la solicitud de propuestas 2022-RFP-003 para "Servicios de Firma de Planificadores, Calificada para Elaborar el Plan para la Recuperación Municipal de Utuado Basado en

un Análisis de las Condiciones Existentes Luego del Paso de los Huracanes Irma y María y las Áreas de Oportunidad a Desarrollar y Atender para un Pueblo Más Resiliente", notificada el 1 de junio de 2022. Posterior a dicha adjudicación, el Municipio de Utuado (Municipio o recurrente) y Atabaya perfeccionaron un contrato el 20 de julio de 2022, en la cual contenía una cláusula que le permitía al Municipio cancelar inmediatamente el contrato si Atabaya incumplía con una o más de las condiciones del acuerdo. Insatisfecho con la labor de Atabaya, cual incluye acusaciones de retrasos significativos y problemas de calidad en los entregables, el 1 de diciembre de 2023 el Municipio le notificó a Atabaya la cancelación inmediata del contrato.

Luego de la Junta de Subastas notificarle que se le adjudicaba la *buena pro* a Abexus, a consecuencia de la referida cancelación contractual, Atabaya recurrió ante el foro apelativo argumentando que la Junta de Subastas erró al: (1) adjudicar la subasta a Abexus a pesar de haber adjudicado previamente la subasta a Atabaya y estar en vigor un contrato vigente entre Atabaya y el Municipio, y (2) no expresar las razones por las cuales no se le adjudicó la subasta a Atabaya dentro de un documento completo con firma o, en la alternativa, no comenzar un nuevo proceso de subasta para los mismos servicios. En el mismo día, Atabaya presentó una *Moción solicitando auxilio de jurisdicción*, en la que pidió que se paralicen los procedimientos de adjudicación y perfeccionamiento contractual entre el Municipio y Abexus.

Oportunamente, el Municipio, sin someterse a la jurisdicción del foro apelativo, solicitó la desestimación del recurso de revisión por este Tribunal carecer de jurisdicción, argumentando que la controversia gira en torno de un alegado incumplimiento contractual, por la cual una

revisión administrativa no es el recurso adecuado para evaluar el caso. A esos efectos, el Municipio pide, además, que se le imponga a su favor honorarios de no menos de mil quinientos dólares ($1,500.00). Por su parte, Atabaya presentó una *Moción en cumplimiento de resolución y en oposición a moción de desestimación*. En esta, planteó que posee el derecho a instar un recurso de revisión administrativa al ser advertido del mismo en el segundo aviso de adjudicación, más vuelve a argumentar que la notificación del referido aviso de adjudicación fue defectuosa.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la

agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Por otra parte, la jurisdicción consiste en el "poder que tiene [el tribunal] para atender y decidir casos y controversias". *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012); *Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Cruz Parilla v. Depto. Vivienda*, 184 DPR 393 (2012) (citando a *García Ramis v. Serallés*, 171 DPR 250, 254 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Báez Figueroa v. Administración de Corrección*, 209 DPR 288 (2022) (citando a *SLG Szendry-Ramos v. F. Castillo Family Properties, Inc.*, 169 DPR 873, 883 (2007)).

Ahora bien, la jurisprudencia ha dictaminado que el proceso de subasta comienza con una convocatoria a los licitadores y culmina con la adjudicación del contrato. *Cándido Oliveras, Inc. v. Universal Insurance Company*, 141 DPR 900 (1996). Similarmente, el Tribunal Supremo ha dejado claro que la adjudicación de subasta no vincula a las partes hasta tanto se haya perfeccionado el contrato, por la cual una agencia gubernamental puede revocar una adjudicación antes de formalizarse el contrato. *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237 (2007) (citando a *Justiniano v. ELA*, 100 DPR 334 (1971); *Cancel v. Municipio de San Juan*, 101 DPR 296 (1973)). Véase, también, *Alco Corporation v. Municipio de Toa Alta*, 183 DPR 530 (2011) (citando a *Cordero Vélez v. Municipio de Guánica*, *supra*, pág.

248); *Perfect Cleaning Service, Inc. v. Centro Cardiovascular de Puerto Rico y el Caribe et al.*, 172 DPR 139 (2007) (citando a *Justiniano v. ELA*, *supra*, pág. 340). En palabras simples, el proceso administrativo de la agencia o entidad gubernamental culmina con el perfeccionamiento del contrato, a partir de lo cual desde entonces inicia una relación contractual entre la entidad pública y el licitador adjudicado.

De conformidad con los hechos del presente caso, el recurrente acudió erróneamente ante este Tribunal mediante revisión administrativa. El proceso de adjudicación de subasta culminó el momento que el contrato entre el Municipio y Atabaya fue perfeccionado el 20 de julio de 2022. Por la referida culminación, no existe un proceso administrativo a propósito del cual Atabaya pueda solicitar revisión judicial. Como bien expresa el recurrido, el caso gira en torno a un alegado incumplimiento contractual que debe presentarse mediante la vía ordinaria. Por lo tanto, este Tribunal no tiene jurisdicción para atender la controversia planteada en sus méritos.

Por los fundamentos expuestos, desestimamos el recurso por falta de jurisdicción sin particular determinación de honorarios.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones