# 2004 DTA 139

## TRIBUNAL DE CIRCUITO DE APELACIONES
## REGIÓN JUDICIAL DE PONCE

RAMA CONSTRUCTION, S.E.
Recurrente

v.

JUNTA DE SUBASTAS GOBIERNO MUNICIPAL AUTÓNOMO DE
PONCE COMPUESTA POR ORLANDO ORTIZ CINTRÓN,
JORGE L. MORALES RAMOS, LIZETTE CABALLERO VARGAS,
JOSÉ A CINTRÓN PAGÁN; HOT ASPHALT PAVING, INC.
Recurridos

Núm. KLRA-04-00411

San Juan, Puerto Rico, a 9 de septiembre de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
la Juez Hernández Torres y el Juez Martínez Torres

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante petición de revisión, comparece ante nos Rama Construction, S.E., parte peticionaria, y nos solicita que revoquemos una resolución emitida el 24 de mayo de 2004, por la Junta de Subastas del Municipio Autónomo de Ponce. En la referida resolución, la Junta de Subastas del Municipio Autónomo de Ponce notificó a Rama Construction, S.E., su determinación de no adjudicarle la Subasta Núm. 30-AE-2003-2004, por no cumplir con el requisito de fianza establecido. Por los fundamentos que expondremos a continuación, expedimos el auto de revisión. Se ordena la adjudicación de la subasta a favor de la parte peticionaria, Rama Construction, S.E.

### I

La parte peticionaria, Rama Construction, S.E., está suscrita a una publicación de nombre *"Bids Procurement Report"* en el cual se publican todas las subastas que se llevarán a cabo en Puerto Rico a partir de la fecha de dicha publicación. Fue a través de esa publicación que la parte peticionaria advino en conocimiento de la subasta y se interesó en participar.

El 11 de marzo de 2004, en el periódico El Nuevo Día, fue publicada la invitación a la subasta para realizar mejoras al sistema pluvial de la Avenida Las Américas en Ponce.

El 29 de marzo de 2004, la parte peticionaria, Rama Construction, S.E., acudió a la Oficina de la Junta de Subastas del Municipio Autónomo de Ponce para pagar la cantidad de ciento cincuenta ($150.00) dólares y obtuvo el Manual de la Subasta Núm. 30-AE-2003-2004. Ese mismo día, el personal de la Oficina de la Junta de Subasta del Municipio Autónomo de Ponce le suministró a la parte peticionaria un Manual de Subasta con los planos, las condiciones, las especificaciones e instrucciones y los requisitos relacionados con dicha subasta y el proyecto en construcción. En dicho Manual de Subasta se especificaba que la fianza para licitar para el proyecto en cuestión sería de un cinco (5%) por ciento. La parte peticionaria cumplió con todos y cada uno de los requisitos establecidos por dicho Manual.

El 29 de abril de 2004, se llevó a cabo la subasta para el proyecto de Mejoras al Sistema Pluvial de la Avenida Las Américas de Ponce.

Así las cosas, el 24 de mayo de 2004, la Junta de Subastas del Municipio Autónomo de Ponce emitió una resolución en la cual adjudicó la Subasta Núm. 30-AE-2003-2004 a Hot Asphalt Paving y añadió como fundamento para dicha decisión que la parte aquí peticionaria, Rama Construction, S.E., no había cumplido con el porcentaje de fianza requerido para dicho proyecto.

Inconforme con dicha determinación, el 10 de junio de 2004, la parte peticionaria, Rama Construction, S.E., acude ante nos mediante un recurso de *certiorari* en el cual nos solicita que dejemos sin efecto la determinación de la Junta de Subastas del Municipio Autónomo de Ponce.

En síntesis, la parte peticionaria, Rama Construction, S.E., señala que erró la Junta de Subastas del Municipio Autónomo de Ponce al no otorgarle dicha subasta habiendo sido esta parte el licitador menor y al fundamentar su determinación en que no habían cumplido con los requisitos de la subasta, porque prestó una fianza para licitar de sólo un cinco por ciento (5%).

El 21 de junio de 2004, este Tribunal emitió una Resolución en la cual concedió a la parte recurrida, un término de veinte días para que presente su escrito en oposición a la solicitud de revisión judicial. El 12 de julio de 2004, la parte recurrida presentó su escrito en cumplimiento de dicha orden.

Contando con el beneficio de la comparecencia de todas las partes y luego de estudiar el expediente y el derecho aplicable, expedimos el auto solicitado.

## II

La buena y sana administración de un gobierno *"implica llevar a cabo sus funciones como compradores con eficiencia, honestidad y corrección para proteger los intereses y dineros del pueblo al cual dicho gobierno representa." RBR Const., S.E. v. A. C.,* 149 D.P.R. 836, 848 (1999); *Mar-Mol, Co. v. Adm. Servicios Gens,* 126 D. P.R. 864, 871 (1990). El objetivo fundamental de las subasta es, precisamente, proteger el erario público consiguiendo la construcción de obras públicas y la adquisición de servicios de calidad para el gobierno al mejor precio posible. *Id.,* a las págs. 848-849. Por esto, el propósito de la legislación que regula la realización de obras y la contratación de servicios para el Gobierno y los sistemas de subasta gubernamentales es proteger los intereses y dineros del pueblo al promover la competencia para lograr los precios más bajos posibles, evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgar los contratos y minimizar los riesgos de incumplimiento. *RBR Const., S.E. v. A.C., supra,* a la pág. 849; *Mar-Mol, Co. v. Adm. Servicios Gens, supra; Cancel v. Municipio de San Juan,* 101 D.P.R. 296, 300 (1973); *Justiniano v. E.L.A.,* 100 D.P.R. 334, 338 (1971). Por lo tanto, los tribunales tienen el deber de asegurarse de que las instrumentalidades públicas cumplen con la ley, con sus propios procedimientos y que tratan de forma justa a los licitadores al momento de adjudicar una subasta. *RBR Const., S.E. v. A. C., supra,* a la pág. 856.

Las subastas que se llevan a cabo por los municipios se rigen por la Ley Núm. 81 de 30 de agosto de 1991, mejor conocida como la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4501 et seq; por el Reglamento de Subasta que haya promulgado cada municipio en particular; y por el Reglamento Revisado Sobre Normas Básicas para los Municipios. El Municipio Autónomo de Ponce adoptó mediante la Ordenanza Núm. 31 Serie 2002-2003, el Reglamento de Subastas y Compras.

Se ha establecido que *"la notificación de la adjudicación de una subasta debe ser fundamentada, al menos de forma sumaria y sucinta. Por lo menos debe incluir la siguiente información: los nombres de los licitadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial." L.P.C. & D., Inc. v. A. C.,* 149 D.P.R. 869, 879 (1999).

El Artículo 11.006 de la Ley de Municipios Autónomos, *id.* sec. 4506, establece lo siguiente respecto a la adjudicación de las subastas municipales:

*"§ 4506. Junta de Subasta - Funciones y deberes.*

*La Junta entenderá y adjudicará todas las Subasta que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración y otros.*

*(a) Criterios de adjudicación. - Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.*

*La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.*

*Tal adjudicación de una subasta será notificada a todos los licitadores mediante correo certificado con acuse de recibo. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie.*

*(b) ...*

*(c) **Garantías y Fianzas**- La Junta requerirá al licitador las garantías que estime necesarias a fin de asegurar el cumplimiento del contrato de compra...*

***En casos de obras o mejoras públicas, el contratista, antes de firmar el acuerdo correspondiente, además de lo requerido en la sec. 4366 de este título, someterá o prestará las fianzas y garantías que le requiera la Junta para asegurar el fiel cumplimiento del contrato.*** *"* [Énfasis Suplido].

De conformidad con esta ley, la Sección 1, Capítulo VIII, Parte I del Reglamento Revisado Sobre Normas Básicas para los Municipios de Puerto Rico, Reglamento Número 5262 de 30 de junio de 1995 de la Oficina del Comisionado de Asuntos Municipales (OCAM), establece:

*"Sección 1: Principio de Competencia*

*Toda compra de efectos, materiales, comestibles, servicios, medicinas, equipos y todo contrato para cualquier construcción, obra o mejora pública se **efectuará mediante competencia al postor responsable cuya oferta sea más ventajosa al Gobierno Municipal, considerando sólo el precio y las especificaciones, términos y estipulaciones requeridas.***" [Énfasis Suplido].

Así, también, la Sección 3 (h), Capítulo VIII, Parte III del Reglamento Revisado Sobre Normas Básicas para los Municipios de Puerto Rico, *supra*, dispone:

***"Para subastas de obras de construcción, los pliegos de invitación contendrán especificaciones preparadas especialmente para este tipo de subasta*** *relacionada con la obra a llevarse a cabo. No se anunciará subasta alguna sin que estén preparados y aprobados por las agencias estatales pertinentes, los planos y especificaciones del lugar. **En estos casos, el municipio exigirá en el aviso de subasta la prestación de fianzas de licitación y tal estipulación se insertará en los pliegos de invitación a subasta.***"

Es principio establecido por la Sección 6 (e), Capítulo VIII, Parte III, del Reglamento Revisado Sobre Normas Básicas para los Municipios de Puerto Rico, *supra*, que en la apertura de los pliegos de subasta se consideran únicamente aquellas licitaciones que están debidamente firmadas de acuerdo con dicho Reglamento y que cumplan con todos los requisitos exigidos en los pliegos de especificaciones para la subasta.

Por otro lado, la Sección 9, Capítulo VIII, Parte III, del Reglamento Revisado Sobre Normas Básicas para los Municipios de Puerto Rico, *supra*, dispone:

*"Sección 9: **Normal General de Adjudicación***

*Al adjudicar las Subasta, la Junta se atenderá en primera instancia a la siguiente y única forma general de adjudicación.*

*(a) **Subasta de Adquisición***

***La adjudicación de las Subasta de adquisición se. hará a favor del licitador que esté respaldado por un buen historial de capacidad y cumplimiento que lleve al ánimo de la Junta la seguridad de que cumplirá con***

*los términos del contrato que en su día se otorgue, siempre y cuando su oferta reúna en el orden establecido, los siguientes requisitos:*

*1. que cumpla con las especificaciones;*

*2. que cumpla con las condiciones y demás requisitos establecidos en el pliego de la subasta;*

*3. que sea la más baja en precio.*

*(b) Subastas de Ventas*

*Las Subasta de venta se adjudicarán a favor del postor cuya oferta sea la más alta y razonable en relación a la tasación del bien."* [Énfasis Suplido].

## III

La parte recurrente, Rama Construction, S.E., nos plantea que incidió la Junta de Subastas del Municipio Autónomo de Ponce al no adjudicarle la subasta de Mejoras al Sistema Pluvial de la Avenida Las Américas de dicho municipio, a pesar de haber sometido la propuesta menor y bajo el fundamento de no haber prestado el porcentaje de fianza establecido. En su oposición al recurso, la Junta de Subastas se reafirma en su posición.

De un análisis ponderado de la adjudicación hecha por la Junta de Subastas del Municipio Autónomo de Ponce, concluimos que la misma no fue conforme a derecho, pues la subasta se adjudicó al licitador que ofrecía la oferta más alta en términos económicos. Además, se utilizó únicamente como fundamento para la decisión la alegada desproporción en cuanto al monto de la fianza de licitación. De los hechos ante nuestra consideración surge una discrepancia entre los requisitos esbozados por el Aviso de Subasta publicado en el periódico El Nuevo Día y el Manual de Subasta provisto por la Oficina de la Junta de Subastas del Municipio Autónomo de Ponce. La Junta de Subastas admite que esa discrepancia existe. Alegato en oposición, pág. 9. En el Aviso de Subasta publicado en el rotativo se hizo constar que el monto de la fianza de licitación sería de un diez por ciento (10%) de la suma total licitada. Por su parte, en el párrafo 5(a) del Manual de Subasta, la Junta de Subastas expresaba de forma clara que el monto de la fianza de licitación sería de un cinco por ciento (5%) de la suma total licitada. Rama Construction, S.E., actuó conforme al Manual de Subastas provisto por la Junta de Subastas, en cumplimiento expreso con el Artículo 11.006 de la Ley de Municipios Autónomos, *supra*. Éste dispone que las determinaciones sobre adjudicación de subastas se harán conforme a las especificaciones que se hayan incluido en el pliego de subasta.

Conforme establece la Sección 3(h), Capítulo VIII, Parte III, del Reglamento de Normas Básicas para los Municipios de Puerto Rico, *supra*, la Junta de Subastas debía entregar un pliego de invitación conteniendo especificaciones preparadas especialmente para la subasta en cuestión, así como insertar en dicho pliego la información referente a la prestación de fianza de licitación contenida en el aviso de subasta. Dicho requisito no fue cumplido a cabalidad por la Junta de Subastas del Municipio Autónomo de Ponce, ya que, aunque entregó el pliego de especificaciones a cada licitador, en el mismo se hizo constar un por ciento de fianza distinto al expresado en el Aviso de Subasta publicado en el periódico. Al así actuar, la Junta de Subastas del Municipio Autónomo de Ponce incumplió con la Sección 3(h), Capítulo VIII, Parte III, del Reglamento de Normas Básicas para los Municipios de Puerto Rico, *supra*, ya que no insertó en el pliego de invitación a subasta la cantidad dispuesta como fianza de licitación en el Aviso de Subasta.

No encontramos ninguna disposición legal que establezca la utilización del Aviso de Subasta publicado en el periódico como pliego o manual a seguir en casos de subastas con el gobierno. En su alegato, la Junta de Subastas tampoco cita alguna. Se limita a argumentar que Rama Construction debió preguntar en la reunión presubasta, si tenía dudas. Contrario a lo que se alega la Junta de Subastas, la fuente de deberes y responsabilidades entre el

municipio y el licitador es el pliego de especificaciones que suministra la Junta de Subastas. Por ello, entendemos que Rama Construction, S.E. cumplió con el requisito esbozado en el Manual de Subasta o pliego de especificaciones suministrado por la Junta de Subastas del Municipio Autónomo de Ponce, en el cual se disponía que la fianza sería de un cinco por ciento (5%) del total licitado.

Así pues, como Rama Construction fue el licitador más bajo, cumplió con todos los requisitos de la subasta y no se aduce otra razón que lleve a adjudicar la buena pro a un licitador que no sea el postor más bajo, procede revocar la decisión recurrida y disponer el remedio que debió haber concedido la Junta de Subastas: adjudicar la subasta a Rama Construction, S.E.

**IV**

Por los fundamentos anteriormente expuestos, se expide el auto de revisión y se revoca la resolución objeto de este recurso. Se devuelve el caso a la Junta de Subastas del Municipio Autónomo de Ponce con instrucciones de que se adjudique la subasta Núm. 30-AE-2003-2004, objeto de este recurso, a Rama Construction, S.E.

Así lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General