*1200 TEXTO COMPLETO DE LA SENTENCIA
La recurrente, JOF Group Inc., nos solicita que revoquemos la adjudicación de subasta emitida el 29 de septiembre de 2009, por la Junta de Subastas del Municipio de Carolina. Mediante la misma, la Junta de Subastas le adjudicó la buena pro de la Subasta Núm. 05-2009-2010 para mejoras a la infraestructura de las oficinas del segundo piso de la casa alcaldía a GEVA Engineering Group.
I
El 27 de julio de 2009, el Municipio de Carolina (Municipio) publicó en un periódico de circulación general un Aviso de Subasta General, en el cual se incluía la convocatoria a la Subasta Núm. 05-2009-2010. Dicho aviso informó que la subasta se celebraría el 20 de agosto de 2009.
Luego de posponer la fecha original para la celebración de la subasta, el acto de apertura se fijó para el 27 de agosto de 2009.
Así las cosas, el 29 de septiembre de 2009, la Junta de Subastas del Municipio de Carolina notificó la Adjudicación de la Subasta. Según la notificación, el 21 de septiembre de 2009, la Junta de Subastas le adjudicó la “buena pro” de la subasta a GEVA Engineering Group.
En dicha notificación se le informó al recurrente su derecho a solicitar reconsideración en el término de diez (10) días, contado a partir del archivo en autos de la comunicación, y a solicitar revisión judicial en un término no mayor de veinte (20) días, a partir de la fecha de archivo en autos de la determinación final de la Junta ante el Tribunal de Apelaciones.
El 9 de octubre de 2009, el recurrente solicitó reconsideración. Fundamentó la misma en que el licitador GEVA Engineering Group no había cumplido con los requisitos para licitar y ser considerado en la subasta al presentar una oferta defectuosa.
*1201 El 2 de noviembre de 2009, la Junta de Subastas emitió su determinación sobre la reconsideración. En la misma, informó que luego de evaluar los argumentos del recurrente entendía que había tomado una determinación responsiva y favorable al Municipio de Carolina con la adjudicación a la compañía GEVA Engineering Group, por lo que sostuvo su determinación. Sin embargo, en dicha determinación, la Junta de Subastas no le notificó al recurrente de su derecho a solicitar revisión ante el Tribunal de Apelaciones, ni tampoco indicó en la misma la fecha de archivo en autos de dicha determinación.
Posteriormente, el 23 de noviembre de 2009, el recurrente compareció ante nos mediante el recurso KLRA-2009-01193. El 11 de diciembre de 2009, este Foro Apelativo dictó Sentencia devolviendo el caso a la Junta de Subastas para la correcta notificación.
En cumplimiento con lo ordenado, el 26 de enero de 2010, la Junta de Subastas notificó su determinación denegando nuevamente su solicitud de reconsideración.
Inconforme con la determinación de la Junta de Subastas, el 16 de febrero de 2010, el recurrente presentó su recurso. Adujo que incidió la Junta de Subastas:
“PRIMER ERROR: Al no descalificar al licitador GEVA Engineering Group al éste no cumplir con los requisitos establecidos por la reglamentación en beneficio de la política pública de velar por los fondos públicos al no entregar los formularios requeridos en cumplimiento.
SEGUNDO ERROR: Al no descalificar y considerar la oferta del licitador Electrical Professional Services, Inc., pues éste compareció luego del término de quince (15) minutos previo a la subasta para la entrega de las ofertas e incluso luego de la hora certificada como comenzada la subasta.
TERCER ERROR: Al no tomar en consideración el incumplimiento con los requisitos para licitar en la subasta por parte de GEVA Engineering Group y Electrical Professional Services, Inc. y no adjudicarle la buena pro de la subasta, a pesar de ser la oferta más económica entre los licitadores que sí cumplieron con los requisitos y radicaron sus ofertas dentro del término reglamentario.”
II
El procedimiento de pública subasta es de suma importancia y está revestido del más alto interés público. Costa Azul v. Comisión, 170 D.P.R. 847, 854 (2007); Cordero Vélez v. Municipio de Guánica, 170 D.P.R. 237, 245 (2007); Empresas Toledo v. Junta, 168 D.P.R. 771, 778 (2006).
A los fines de proteger el erario, el Gobierno realiza la adquisición de los materiales y servicios que necesita, al igual que la construcción de obras públicas, mediante la celebración de subastas. Cordero Vélez v. Municipio de Guánica, supra, a la pág. 245.
El propósito de requerir subastas para la realización de obras y la contratación por el Gobierno es proteger los intereses y dinero del Pueblo al promover la competencia para lograr los precios más bajos posibles; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos y minimizar los riesgos de incumplimiento. Costa Azul v. Comisión, supra, a la pág. 854; Cordero Vélez v. Municipio de Guánica, supra, a la pág. 248; Cancel v. Municipio de San Juan, 101 D.P.R. 296, 300 (1973); Justiniano v. E.L.A., 100 D.P.R. 334, 338 (1971).
“La buena administración de un gobierno implica llevar a cabo sus funciones como comprador con eficiencia, honestidad y corrección para proteger los intereses y dineros del pueblo al cual dicho gobierno representa.” Empresas Toledo v. Junta, supra, a la pág. 778; A.E.E. v. Maxon, 163 D.P.R. 434, 439 (2004); RBR Const., S.E. v. AC, 149 D.P.R. 836, 848 (1999); Mar-Mol Co., Inc. v. Adm. Servicios Gens., 126 D.P.R. 864, 871 (1990).
*1202 Cuando está envuelto el uso de bienes o fondos públicos, es esencial la aplicación rigurosa de todas las normas pertinentes a la contratación y desembolso de dichos fondos, a fines de proteger los intereses y el dinero del Pueblo. De Jesús González v. A.C., 148 D.P.R. 255, 267-268 (1999).
Así pues, la revisión judicial de subastas se rige por principios similares a los que gobiernan la revisión de procedimientos análogos celebrados ante las agencias. En estos últimos casos, según es sabido, la facultad de revisión de los tribunales es limitada. En tal sentido, el Tribunal Supremo ha establecido que las decisiones de los organismos administrativos se presumen correctas; mereciendo así la deferencia de los tribunales. De tal suerte que la revisión judicial de las mismas se circunscribe a determinar si la agencia —en cada caso particular — , actuó de manera arbitraria o ilegal; o de forma tan irrazonable, que su actuación constituyó un abuso de discreción. Mun. de San Juan v. J.C.A., 149 D.P.R. 263, 280 (1999); Franco v. Dpto. de Educación, 148 D.P.R. 703, 709 (1999).
Como primer señalamiento de error, el recurrente adujo que incidió la Junta de Subastas al no descalificar al licitador GEVA Engineering Group, a pesar de éste no cumplir con los requisitos establecidos por la reglamentación, al no entregar los formularios requeridos. Veamos los requisitos reglamentarios.
Conforme al poder de reglamentación conferido al Municipio Autónomo de Carolina, el 30 de noviembre de 2006, se aprobó el Reglamento de Subastas del Gobierno Municipal Autónomo de Carolina. Dicho reglamento establece y define los documentos requeridos a todo licitador para que su oferta pueda ser considerada.
El Art. XI, Sección 11.2 dispone:
“Al presentar sus propuestas u ofertas, los licitadores tendrán que cumplir con los siguientes requisitos:
A. Los licitadores deberán presentar sus ofertas o propuestas en la Oficina del Programa de Subastas en o antes de la fecha y hora de apertura según se especifique en el anuncio de subastas. Toda propuesta u oferta que no se presente dentro de la fecha y hora requerida por la Junta no será considerada;
B. Presentar sus ofertas en los formularios provistos o en el formato requerido por el Programa de Subastas. La Junta de Subastas será responsable de velar porque se utilice el formulario o formato correspondiente.
C. La propuesta u oferta deberá contener el nombre de la compañía licitadora en cada una de las páginas y deberá ser firmada en todas las páginas por la persona autorizada por la firma o empresa en el Registro de Licitadores.
I. Los licitadores deberán entregar las ofertas o propuestas en la oficina del Programa de Subastas o en el Lugar que expresamente se disponga en el Aviso de Subasta.”
Según el Aviso de Subasta publicado el 27 de julio de 2009, los licitadores tenían que cumplir con las instrucciones, términos y condiciones de la misma las cuales estarían disponibles en la Oficina del Programa de Subastas y las ofertas debían presentarse hasta quince (15) minutos antes de la hora indicada, en sobres cerrados identificados con el número de subasta, fecha y hora de apertura con original y copia de todos los documentos solicitados. Para conformar el procedimiento, la Junta de Subastas notificó el Manual de Condiciones Generales e Instrucciones a los Licitadores (General Conditions and Instructions to Bidders). Entre los documentos requeridos por dicho Manual estaban: perfomance bond, certificate as to corporate principal, certificate as to individual principal, acknowledge of surety y payment bond. A su vez, este manual contenía varios formularios a ser cumplimentados por los licitadores: acknowledgment of surety, certificación de haber leído el documento de general conditions and instructions to bidders, non collusive affidávit, certificate as to corporate principal, *1203 proposal, Schedule of agenda y statement of bidders qualifications.
El Art. 4, Sección 4.1 del Manual de Condiciones Generales e Instrucciones a los Licitadores dispone que las ofertas deben ser presentadas en formularios idénticos a los incluidos en los bidding documents. Según el Art. 1, Sección 1.1, los documentos de subasta incluyen, entre otros, las instrucciones a los licitadores y los formularios de licitación.
El licitador GEVA Engineering Group omitió presentar con su oferta el acknowledgment of surety, documento que identifica a la persona que ejecutó el Bid Bond presentado por el licitador y que en efecto fue la persona identificada como el attorney in fact. Así también, GEVA Engineering Group omitió la certificación de haber leído el documento de general conditions and instructions to bidders, dicha certificación sella el compromiso que hace el licitador para con el proceso de subasta. Del Acta Pre Subasta, surge que se les notificó a los licitadores que se les proveería copia de los formularios que tenían que utilizar “tales como el Proposal, Bid Bond, la primera página que indica Certifico Haber Leído, etc.” Otro de los documentos omitidos fue el formulario non collusive affidávit, el cual tiene que ser suscrito ante Notario donde el licitador atestigua bajo juramento que su oferta ha sido una genuina y que no se ha puesto de acuerdo o conspirado con otro licitador para de alguna forma tratar de fijar un precio de licitación mayor, en perjuicio del Municipio. Este documento GEVA Engineering Group no lo incluyó con su oferta. Sin embargo, la enmienda a la subasta establecía que:
“El licitador aceptará y entenderá que el someter su oferta certifica y jura que ningún empleado o funcionario del Gobierno Municipal de Carolina, tienen interés pecuniario en la oferta. Certificará, además, bajo juramento, que no ha habido acuerdo de parte de su firma, de persona particular corporación o firma para someter varias ofertas bajo el mismo nombre.”
Nada en el general conditions and instructions to bidders dispone que se exima del cumplimiento con este requisito.
Tampoco GEVA Engineering Group presentó el certificate as to corporate principal el cual se exige como elemento para completar el Bid Bond, pues certifica quien es la persona que firma el Bid Bond y que el mismo fue firmado para y en representación de la corporación beneficiada. Es decir, dicho formulario certificaba la capacidad de representación del licitador.
Así pues, el licitador agraciado GEVA Engineering Group tampoco presentó el Proposal, documento que al igual que el non collusive affidávit certifica ante Notario bajo juramento que su oferta ha sido genuina y que no se ha puesto de acuerdo o conspirado con otro licitador para de alguna forma tratar de fijar un precio de licitación mayor, en perjuicio del Municipio. Requerir tal declaración es vital para la protección del interés público, debiendo ser presentada por todos los licitadores al momento de someter sus ofertas. Incluye un reconocimiento del licitador de los daños líquidos a que se expondría de no completar el proyecto dentro del término establecido. Además, indica el término del proyecto y el monto o suma por día de penalidad en caso de incumplimiento. El documento también certifica que el licitador se compromete a mantener su oferta y no retirarla por un término de sesenta (60) días luego de la fecha de la apertura de la subasta. Este documento omitido por GEVA Engineering Group resulta esencial para que su oferta estuviese completa y la misma pudiera ser considerada por la Junta de Subastas.
Igualmente, el no incluir el statement of bidders qualifications, resulta contrario a lo establecido por el Manual en su Art. .6 el cual establece que dicho documento no será necesario someterlo por el licitador que obtuvo la buena pro cuando previamente lo haya presentado como pre-requisito para licitar. No obstante, todos los formularios fueron entregados a los licitadores y constituyen importantes protecciones para los intereses del Municipio, pues forman parte sustancial de las ofertas o propuestas a ser sometidas en la subasta. Cónsono con la normativa aplicable, entendemos que incidió la Junta de Subastas en el error alegado, pues la falta de documentos *1204 requeridos en la oferta de GEVA Engineering Group impide conforme al Reglamento que su oferta sea considerada.
Como segundo señalamiento de error, el recurrente alegó que incidió la Junta de Subastas al no descalificar y considerar la oferta del licitador Electrical Professional Services, Inc., pues éste compareció luego del término de quince (15) minutos previo a la subasta y de la hora certificada como comienzo de la misma.
Como mencionáramos anteriormente, el Art. 11.2 dispone que los licitadores deberán presentar sus ofertas o propuestas en la Oficina del Programa de Subastas en o antes de la fecha y hora de apertura según se especifique en el anuncio de subastas. Toda propuesta u oferta que no se presente dentro de la fecha y hora requerida por la Junta no será considerada.
De la clara disposición antes transcrita podemos colegir que aquella propuesta que se presentare fuera de las 10:30 a.m., hora de comienzo de la subasta, no podía ser considerada por la Junta de Subastas. Según surge de los sobres presentados en el Apéndice J del recurso, el recurrente sometió su oferta a las 8:20 a.m., Dunamis Construction Corp.-8:49 a.m., Constructores del Este-8:55 a.m., JAR Contractors-9:18 a.m., Actuality Construction, Inc.-9:26 a.m., Constructora Campo Rico-9:33 a.m., RLC Construction, Corp.-9:33 a.m., GEVA Engineering Group-9:36 a.m., EMMI-9:43 a.m. (fue descalificado por no prestar fianza), César Díaz Interior Construction-9:51 a.m. y Electrical Profesional Services, Inc.-10:54 a.m.
No obstante, Electrical Profesional Services, Inc. presentó su propuesta a las 10:54 a.m., es decir, fuera de la hora de comienzo de la subasta que era a las 10:30 a.m., su oferta fue considerada e incluso se le otorgó el segundo lugar por razón del precio cotizado. De conformidad con el Art. 11.4 del reglamento no se podrá considerar aquella propuesta que se presente después de la fecha y hora señalada para el acto de apertura a menos que los licitadores unánimemente lo autoricen. En este caso, los licitadores no dieron su anuencia para que se aceptara la oferta de Electrical Profesional Services, Inc., pues ello no surge del acta de la subasta. Siendo ello así, por disposición reglamentaria, la Junta de Subastas no podía considerar la propuesta de Electrical Profesional Services, Inc., por lo que incidió en este señalamiento.
Por su parte, el Art. 11.006 de la Ley de Municipios Autónomos, 21 L.P.R.A. § 4506, establece lo siguiente respecto a la adjudicación de las subastas municipales:
“§ 4506. Junta de Subastas - Funciones y deberes.
La Junta entenderá y adjudicará todas las Subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración y otros.
(a) Criterios de adjudicación. - Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.
La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.
*1205 Tal adjudicación de una subasta será notificada a todos los licitadores mediante correo certificado con acuse de recibo. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie.” (Énfasis Suplido).
Las agencias vienen obligadas a seguir y reglamentar su práctica conforme a las disposiciones de la LPAU, Pagán Ramos v. F.S.E., 129 D.P.R. 888, 901-902 (1992), las cuales forman parte del debido procedimiento de ley. Colón Torres v. A.A.A., 143 D.P.R. 119, 124 (1997); Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983, 990 (1995). Es norma reiterada que las agencias vienen obligadas además a cumplir con sus propios reglamentos, en especial lo relacionado con los derechos [y obligaciones] reconocidos a las partes. T-JAC, Inc. v. Caguas Centrum Limited, 148 D.P.R. 70, 81 (1999). Así también, se deben examinar los casos de subastas donde se pueda afectar adversamente el erario, a los fines de asegurar el interés público. Cotto Guadalupe v. Dept. de Educación, 138 D.P.R. 658, 666 (1995).
El citado Art. 11.006(a) dispone que una subasta se puede adjudicar a un postor que no sea el más bajo, si con ello se beneficia el interés público. 21 L.P.R.A. § 4506(a). En cuanto a los precios de las ofertas en una subasta, no existe una regla inflexible en el sentido de que se debe adjudicar al postor más bajo, pues deben considerarse otros factores, tales como: el cumplimiento del servicio; la calidad del mismo; e inclusive, experiencias pasadas con el licitador sobre servicios o compra de equipo, de nuevo salvaguardando el mejor interés público.
Ningún postor puede hacer un reclamo de derechos adquiridos y requerir que se le otorgue la subasta por ser quien sometió la propuesta más baja. Great Am. Indem. Co. v. Gobierno de la Capital, 59 D.P.R. 911, 916 (1942).
El recurrente nos plantea en su recurso que incidió la Junta de Subastas al no tomar en consideración los incumplimientos de GEVA Engineering Group (omisión de documentos requeridos) y Electrical Professional Services, Inc. (propuesta entregada tardíamente), sin analizar que su oferta fue la más económica entre los licitadores que sí cumplieron con los requisitos. Veamos.
Del análisis de adjudicación de la subasta emitida por la Junta de Subastas surge que el fundamento para no seleccionar al recurrente fue solamente que cotizó un precio más alto al precio adjudicado. Precisamente, las ofertas más económicas fueron las de GEVA Engineering Group y Electrical Professional Services, Inc. Como hemos hecho referencia anteriormente, ambas ofertas debieron ser descartadas, pues una fue presentada tardíamente y la otra adolecía de varios documentos complementarios esenciales. En atención a ello, por ser el recurrente el tercer licitador con el precio menor y quien cumplió con todos los requisitos, pues su oferta fue presentada en tiempo, de forma completa, incluyendo todas las garantías y representaciones de confiabilidad para el Municipio según requiere el reglamento y la Ley de Municipios Autónomos. Además, el recurrente fue el licitador con el precio más bajo y competitivo en comparación con el resto de los licitadores. En síntesis, la adjudicación de subasta recurrida adolece de serios defectos y la misma no se llevó a cabo conforme a la reglamentación aplicable por lo cual la misma no debe ser sostenida. El incumplimiento de la Junta de Subastas con su propio reglamento no puede ser avalado por los tribunales; ello como corolario de la norma de que los organismos adjudicativos están obligados a seguir sus reglamentos.
Por los fundamentos antes expuestos, se revoca la adjudicación de subasta emitida por la Junta de Subastas del Municipio Autónomo de Carolina el 29 de septiembre de 2009 y se remite a la Junta de Subastas para que se le adjudique a favor del recurrente.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones