| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| ROTANN GROUP LLC<br><br>Parte Recurrente<br><br><br>v.<br><br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTONOMO DE HUMACAO<br><br>Parte Recurrida<br><br><br>PR DISPOSAL 4 CONTRACTOR SERVICES INC.; SUPER ASPHALT PAVEMENT CORP.; ALONDRA CONTRACTOR CORP.; PUERTO RICO ASPHALT LLC; MANOR CONTRACTOR CORP.<br><br>Partes con interés | TA2025RA00001 | *Revisión Judicial,* procedente de la Junta de Subastas del Municipio Autónomo de Humacao<br><br><br>Caso Núm.:<br><br>Subasta Núm. 24-25-38, Serie 2025-2026, Renglón 22<br><br><br><br><br><br>Sobre:<br><br>Repavimentación y Mejoras a Calles |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2025.

Compareció ante este Tribunal Rotann Group LLC. (en adelante, "Rotann" o "Recurrente"), mediante recurso de revisión judicial y nos solicitó que revoquemos la *Notificación de Adjudicación* emitida por la Junta de Subastas del Municipio Autónomo de Humacao (en adelante, "Junta" o "Recurrida") el 4 de junio de 2025, notificada al día siguiente. En el referido dictamen, la Junta adjudicó la Subasta Núm. 24-25-38: Subasta General Año Fiscal 2025-2026, Renglón Núm. 22: "Repavimentación y Mejoras a Calles" a las empresas Rotann, PR Disposal 4 Contractor Services Inc. y Super Asphalt Pavement, Corp.

De conformidad con las disposiciones de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, eximimos a la parte recurrida de presentar su alegato en oposición, y por los fundamentos que expondremos a continuación, se *desestima* el recurso ante nuestra consideración por ser éste prematuro.

**I.**

El Municipio Autónomo de Humacao (en adelante, "el Municipio") publicó un Aviso de Subasta en un periódico de circulación general para la Subasta Núm. 24-25-38: Subasta General Año Fiscal 2025-2026, Renglón Núm. 22: "Repavimentación y Mejoras a Calles" (en adelante, "Subasta Núm. 24-25-38").[1] Oportunamente, los licitadores interesados presentaron sus propuestas, junto a los documentos requeridos por el Municipio en cumplimiento con las especificaciones y condiciones contenidas en el Aviso de Subasta. Rotann se encontraba entre las empresas participantes, además de PR Disposal 4 Contractor Services Inc., Super Asphalt Pavement, Corp., Alondra Contractor, Corp., Manor Contractor, Corp., y Puerto Rico Asphalt, LLC.[2]

Durante una reunión celebrada el 2 de junio de 2025, la Junta de Subastas del ayuntamiento adjudicó la Subasta Núm. 24-25-38 por artículos o subrenglones, a favor de las empresas Rotann, PR Disposal 4 Contractor Services Inc. y Super Asphalt Pavement, Corp.[3] En particular, la Junta le adjudicó a Rotann el subrenglón número 9 para la labor de escarificación de calles.[4]

Inconforme con la adjudicación de la Junta, Rotann acudió ante este foro intermedio mediante el recurso de epígrafe, en el que señaló la comisión de los siguientes tres errores:

> **ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA HONORABLE JUNTA DE SUBASTAS AL NO ADJUDICAR LA SUBASTA NÚM. 24-25-38 AL NO INCLUIR LA RELACIÓN DE PRECIOS OFRECIDOS POR CADA UNO DE LOS PARTICIPANTES DE LA SUBASATA [SIC] NI SE ESPECIFICARON LOS CRITERIOS COMPARATIVOS QUE JUSTIFICARAN LA ADJUDICACIÓN.**

---

[1] Apéndice del Recurrente, Anejo 3.
[2] Íd., Anejo 4.
[3] Íd., Anejo 1.
[4] Íd.

**ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA HONORABLE JUNTA DE SUBASTAS AL NO ADJUDICAR LA SUBASTA NÚM. 24-25-38 A FAVOR DE ROTANN GROUP LLC A PESAR DE HABER SIDO EL LICITADOR RESPONSIVO Y MÁS BAJO EN CADA UNO DE LOS SURENGLONES [SIC] INCLUIDOS EN EL RENGLÓN 22.**

**ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA HONORABLE JUNTA DE SUBASTAS AL ADJUDICAR LA SUBASTA NÚM. 24-25-38 A FAVOR DE VARIOS POSTORES QUE NO FUERON EL POSTOR MÁS BAJO SIN HABER HECHO UNA DETERMINACIÓN SOBRE EL BENEFICIO DEL INTERÉS PÚBLICO**.

**II.**

**A.**

El procedimiento de subasta pública es esencial para la contratación de servicios por parte de las agencias gubernamentales y está revestido del más alto interés público. Maranello v. O.A.T., 186 DPR 780, 789 (2012). El Tribunal Supremo de Puerto Rico ha declarado que en materia de adjudicación de subastas "la buena administración de un gobierno es una virtud de democracia, y parte de una buena administración implica llevar a cabo sus funciones como comprador con eficiencia, honestidad y corrección para proteger los intereses y dineros del pueblo al cual dicho gobierno representa". Mar-Mol Co., Inc. v. Adm. Servicios Gens., 126 DPR 864, 871 (1990).

Conforme con lo anterior, el objetivo fundamental de las subastas es proteger al erario mediante la construcción de obras y la adquisición de servicios de calidad para el Gobierno al mejor precio posible. RBR Const., S.E. v. A.C., 149 DPR 836, 848-849 (1999). Para ello es necesario que haya competencia en las proposiciones, fomentando a su vez la competencia libre y transparente entre el mayor número de licitadores, de manera que el Estado consiga realizar la obra al precio más bajo posible. Íd. De este modo, se evita el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos y se minimizan los riesgos de incumplimiento. Cancel v. Mun. de San Juan, 101 DPR 296, 300 (1973).

En el caso de los municipios, los procesos de subasta están gobernados por la Ley Núm. 107-2020, según enmendada, conocida como

el "Código Municipal de Puerto Rico", 21 LPRA sec. 7001 *et seq.* (en adelante, "Ley Núm. 107-2020"). Dicha ley establece normas generales para la adquisición de materiales y servicios. Además, requiere que cada Municipio constituya una Junta de Subastas que se encargará de adjudicar todas las subastas que se requieran por ley, reglamento u ordenanza. 21 LPRA sec. 7214. Dispone, también, que los acuerdos y resoluciones de la Junta deben tomarse por la mayoría total de sus miembros, excepto que otra cosa se disponga. 21 LPRA sec. 7215.

De conformidad, la Ley Núm. 107-2020 requiere la celebración de una subasta para la adquisición de bienes que excedan de cien mil dólares ($100,000) y toda obra de construcción o mejora pública por contrato que exceda de la cantidad de quinientos mil dólares ($500,000). 21 LPRA sec. 7211 (a) (b). Cuando se trata de compras, construcción o suministros de servicios, la subasta se adjudicará al postor razonable más bajo. 21 LPRA sec. 7216 (a). No obstante, la Junta podrá adjudicar a un postor que no necesariamente sea el más bajo, "si con ello se beneficia el interés público". Íd. En tal caso, "la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación". Íd. Como parte de los criterios de adjudicación que el organismo debe considerar, la Ley Núm. 107-2020, *supra*, establece que:

> La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. Íd.

Al considerar las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones, si así el interés público se beneficia. Íd. La Junta también tiene autoridad para rechazar las propuestas que reciba como resultado de una convocatoria cuando el licitador carece de responsabilidad o tiene una deuda con el Gobierno municipal, estatal o federal o que la naturaleza o calidad de los suministros, materiales o equipos no se ajustan al pliego de la subasta, o que los precios cotizados son

irrazonables o cuando el interés público se beneficie con ello. 21 LPRA sec. 7216 (b).

En lo que compete a la revisión judicial de las determinaciones de la Junta de Subastas de un municipio, el Artículo 1.050 del Código Municipal de Puerto Rico establece lo siguiente:

> El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado o mediante correo electrónico a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el envío de correo electrónico o depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término. 21 LPRA sec. 7081.

Entretanto, el Artículo 2.040 del referido estatuto preceptúa que:

> La Junta de Subasta notificará a los licitadores no agraciados **las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código. 21 LPRA sec. 7216 (énfasis suplido).

**B.**

La notificación adecuada de las decisiones administrativas o municipales es parte del principio constitucional de que todo ciudadano ostenta un derecho a un debido proceso de ley. Colón Torres v. A.A.A., 143 DPR 119, 124 (1997). La notificación sirve un propósito lógico y sabio en la administración de la justicia, al proteger el derecho de la parte afectada a procurar la revisión judicial de un dictamen adverso. Mun. San Juan v. Plaza Las Américas, 169 DPR 310, 329 (2006); Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 DPR 881, 889 (1993).

La notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. Asoc. Vec. Altamesa Este v. Municipio de San Juan, 140 DPR 24, 34 (1996). Ante ello,

resulta indispensable que se notifique adecuadamente cualquier determinación que afecte los intereses de una parte. Íd.

En el contexto de la adjudicación de una subasta municipal, se ha determinado que su validez depende de que se le incluya una advertencia sobre su "derecho a procurar una revisión judicial; el término disponible para así hacerlo y la fecha del archivo en autos de una copia de la notificación de la adjudicación". IM Winner, Inc. v. Mun. de Guayanilla, 150 DPR 30, 35-36 (2000). Ahora bien, dichos elementos no constituyen una enumeración taxativa de las exigencias requeridas en nuestro ordenamiento para que este tipo de notificaciones se consideren adecuadas. Además, las juntas de subastas municipales tienen el deber de incluir **los fundamentos que justifican su determinación**, aunque sea de forma breve, sucinta o sumaria. Torres Prods. v. Junta Mun. Aguadilla, 169 DPR 886, 894 (2007). "Al requerir que se incluyan los fundamentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos fundamentos para determinar si la decisión fue una arbitraria, caprichosa o irrazonable". Pta. Arenas Concrete, Inc. v. J. Subastas, 153 DPR 733, 742 (2001). Así, se protege el interés de la parte adversamente afectada por dicha determinación para que pueda ejercer efectivamente su derecho a revisar la misma, puesto que "no se podría cuestionar judicialmente lo que no se conoce". IM Winner, Inc. v. Mun. de Guayanilla, *supra*, pág. 38.

Por consiguiente, el Tribunal Supremo ha sido enfático en que las adjudicaciones de subastas llevadas a cabo por municipios o por agencias gubernamentales deben incluir, al menos, lo siguiente: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial. Pta. Arenas Concrete, Inc. v. J. Subastas, *supra*, págs. 743-744.

El deber de notificar a las partes una determinación de manera adecuada y completa no constituye un mero requisito. Olivo v. Srio. de

<u>Hacienda</u>, 164 DPR 165, 178 (2005). Una notificación insuficiente puede traer consigo consecuencias adversas a la sana administración de la justicia, además de que puede demorar innecesariamente los procedimientos administrativos y, posteriormente, los judiciales. <u>Íd</u>. A la luz de lo anterior, se ha resuelto que, si una parte no es notificada de la determinación administrativa o municipal conforme a derecho, **no se le pueden oponer los términos jurisdiccionales para recurrir de la misma**. <u>Comisión Ciudadanos v. G.P. Real Property</u>, 173 DPR 998, 1015 (2008).

En fin, la correcta y oportuna notificación de una decisión final, sea judicial o administrativa, es un requisito *sine qua non* para un ordenado sistema judicial. De lo contrario, se crearía una incertidumbre sobre cuándo comienzan los términos para incoar los remedios *post-dictamen*, entre otras graves consecuencias y demoras. <u>Dávila Pollock *et al* v. R. F. Mortgage</u>, 182 DPR 86, 94 (2011).

Es por ello que una notificación defectuosa nos priva de revisar la decisión administrativa. Hasta tanto se notifique adecuadamente la decisión final administrativa, el recurso apelativo resultará prematuro y, como foro apelativo, careceremos de jurisdicción. <u>PR Eco Park *et al*. v. Mun. de Yauco</u>, 202 DPR 525, 538 (2019).

**C.**

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. <u>Cobra Acquisitions, v. Mun. Yabucoa *et al*.</u>, 210 DPR 384, 394 (2022); <u>Pueblo v. Ríos Nieves</u>, 209 DPR 264, 273 (2022); <u>Metro Senior v. AFV</u>, 209 DPR 203, 208-209 (2022). Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. <u>Pérez Soto v. Cantera Pérez, Inc., *et al*.</u>, 188 DPR 98, 104-105 (2013). De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. <u>Íd</u>. Por ello, cuando un tribunal emite una sentencia sin tener

jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires.* Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en derecho es la desestimación de la causa de acción. Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006); Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 370 (2003).

Así pues, estamos imposibilitados de atender recursos prematuros o tardíos. En lo particular, un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). En virtud de ello, carece de eficacia y no produce efectos jurídicos. Íd., págs. 97-98. Siendo ello así, un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo. Carattini v. Collazo Syst. Analysis, Inc.*, supra*, pág. 370.

Cónsono con lo anterior, este Tribunal de Apelaciones puede desestimar, *motu propri*o, un recurso por falta de jurisdicción. Regla 83 (C) de Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Sin embargo, la desestimación de un recurso por prematuro le permite a la parte recurrente volver a presentarlo una vez el foro apelado resuelva lo que tenía ante su consideración o cumpla con los rigores que dispone nuestro ordenamiento sobre una efectiva notificación de un dictamen. Pueblo v. Ríos Nieves, *supra*, pág. 274.

**III.**

Rotann alega, entre otras cosas, que la Junta de Subastas del Municipio actuó sin autoridad, al adjudicar los distintos subrenglones de la Subasta Núm. 24-25-38, sin especificar los precios de los licitadores participantes, ni incluir una síntesis de sus propuestas, como tampoco detallar las razones que justifican la adjudicación de la subasta a los proponentes escogidos. Le asiste la razón.

De un examen detallado de la *Notificación de Adjudicación* de la subasta municipal, advertimos que esta carece de los fundamentos que justifican su validez. Pta. Arenas Concrete, Inc. v. J. Subastas, *supra*. En ésta, no hallamos un resumen de las propuestas presentadas por los licitadores participantes. Pta. Arenas Concrete, Inc. v. J. Subastas, *supra*. Tampoco, encontramos los criterios que consideró y los defectos que halló al momento de evaluar la propuesta del Recurrente para rechazarla para otros renglones.

A pesar de que la Junta encontró que la oferta de Rotann era "la más baja de todos los renglones" y la "más atractiva y favorable a los intereses del municipio", no especificó porqué esta se apartó "de la razonabilidad del mercado", en relación con los demás participantes. Solamente se limitó a hacer una comparación porcentual, sin mencionar cuáles fueron específicamente las ofertas de los licitadores en que se basó para descartar la propuesta de Rotann de todos los subrenglones que no le adjudicó y ni qué criterios utilizó para guiar su determinación al descartar la propuesta del Recurrente por ser irrazonable.

En fin, la *Notificación de Subasta* de la Junta no establece los fundamentos necesarios para que los licitadores perdidosos puedan impugnar la adjudicación de la subasta. Tampoco nos pone en posición de ejercer nuestra función revisora, de manera que podamos determinar si la decisión de la Junta fue una razonable dentro de los parámetros de su autoridad y discreción.

Por consiguiente, concluimos que la notificación del dictamen recurrido fue inadecuada y, por tanto, carecemos de jurisdicción para entender en los méritos del recurso de epígrafe.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso por prematuro y se devuelve el caso a la Junta de Subastas del Municipio de Humacao para que fundamente la *Notificación de Adjudicación* que nos ocupa, a tenor con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones